THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* EUGENE P. GERETY, Appellant.

First Department, June 29, 1934.

*William J. Dawley* of counsel [*J. Gibson Fruin,* attorney], for the appellant.

*John C. McDermott* of counsel [*William Copeland Dodge, District Attorney*], for the respondent.

UNTERMYER, J. The defendant was tried on an indictment containing two counts, the first charging common-law larceny; the second larceny by bailee. The latter count charged that the defendant as " bailee and trustee of one John Minor, and as such bailee and trustee, then and there having in his possession, custody and control certain goods, chattels and personal property of said John Minor, the true owner thereof * * * did feloniously appropriate the said goods, chattels and personal property to his own use, with intent to deprive and defraud the said John Minor

of the same, and of the use and benefit thereof, and the same goods, chattels and personal property of the said John Minor, did then and there and thereby feloniously steal."

The People's evidence tended to establish that the complainant, Minor, desiring to purchase an interest in H. and M. Transportation, Inc., a corporation of which the defendant was treasurer, on various occasions delivered to the defendant checks and cash aggregating $1,500 (the amount charged in the indictment to have been misappropriated) as the purchase price of stock of the corporation, and that the stock was not delivered to the complainant.

At the close of the People's case, on motion of the district attorney, the first count was withdrawn from the consideration of the jury. At the close of the entire case the defendant renewed his motion, made at the conclusion of the People's case, to dismiss the indictment on the ground that there was " no proof of any kind that there is any sum of money delivered to the defendant as bailee and trustee of one John Minor." The motion was denied, exception duly taken and the case submitted to the jury on the count charging the defendant with larceny as bailee of Minor's property. The jury returned a verdict finding the defendant guilty.

Upon no theory does the proof sustain the charge of larceny by the defendant as Minor's bailee. In order to sustain that charge it was necessary for the People to establish that the defendant had misappropriated property belonging to Minor of which he had possession as Minor's agent or trustee. (Penal Law, § 1290.) The People's evidence, however, is only consistent with the theory that Minor purchased stock belonging to the corporation and made payment for the stock to the defendant in his capacity as treasurer. Payment was made, $500 in cash and $1,000 in two checks of $500 each. These checks were drawn by Minor to the order of H. and M. Transportation, Inc., and, as Minor testified, were so drawn at the defendant's express request. In making payment of the purchase price of the stock to the corporation Minor must have realized that he was purchasing stock belonging to the corporation. Indeed, Minor testified that " he [the defendant] was selling the stock *for the H. & M.*" Hall, a witness for the People, who had introduced Minor to the defendant, also testified: " Q. Was he trying to sell Minor his own stock or stock of the company? A. He wanted to sell him stock *from the H. & M. Transportation.*"

It is thus entirely clear that the transaction was a contract of purchase and sale, Minor intending to purchase stock belonging to the corporation and the defendant, as treasurer of the corporation, receiving payment for the stock. In that transaction the defendant acted as the agent of the corporation and not as Minor's agent or

bailee. If the defendant misapplied the purchase price, he did not, as charged in the indictment, misapply any property of Minor. Minor could none the less have maintained an action against the corporation for the stock, for when he paid the purchase price to the defendant he paid it to the corporation. We think the decision of this court in *People* v. *Simonelli* (227 App. Div. 766) is conclusive on this point.

The district attorney asserts, however, that the transaction is susceptible of the interpretation that the defendant contracted to sell his own stock in the H. and M. Transportation, Inc., to Minor, and he contends that the defendant's failure to deliver stock in accordance with that contract constituted the offense of larceny by bailee. Even if this interpretation were justified by the facts, it cannot be maintained that the receipt by the defendant of the purchase price under a contract for the sale of his own stock would constitute him a bailee. The transaction would then be the usual contract of purchase and sale in which the complainant transferred to the defendant the title to the fund, in consideration of the defendant's promise to deliver stock. The defendant's failure to fulfill that promise would constitute a breach of contract and not a misappropriation of any property.

In view of our conclusion that upon no theory was the defendant guilty of the crime charged, it is unnecessary to discuss the other points urged for reversal by the appellant.

The judgment should be reversed and the indictment dismissed.

FINCH, P. J., TOWNLEY and GLENNON, JJ., concur; MERRELL, J., dissents.

Judgment reversed and indictment dismissed.